IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **DKIII HORNBACK ENTERPRISES, LTD** § | |
| **A/K/A DKIII HORNBACK, RFD, INC.** § | |
|     **Plaintiff** § | |
| § | **CIVIL ACTION NO. M-13-395** |
| § | **(JURY DEMANDED)** |
| § | |
| § | |
| **VS.** § | |
| § | |
| **JOHN CUELLAR, GUADALUPE** § | |
| **RIVERA, JERRY TAFOLLA, LEO** § | |
| **OLIVAREZ, JOSE MARTINEZ, AND** § | |
| **DAVID FOX, INDIVIDUALLY, AND** § | |
| **CITY OF WESLACO** § | |
|     **Defendants** § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, EXEMPLARY DAMAGES, AND DECLARATORY JUDGMENT**

The Court having previously granted leave to amend, Plaintiff files this, its amended complaint against Defendants and state as follows:

**I.**

**INTRODUCTION**

1. Plaintiff files this his First Amended Complaint for Damages, Exemplary Damages, and Declaratory Judgment against the City of Weslaco, and Guadalupe Rivera, Jerry Tafolla, Leo Olivarez, Joe Martinez, John Cuellar, and David Fox each in his individual capacity, alleging violations of the First and Fourteenth Amendment to the United States Constitution, and conspiracy to violate the Constitutional rights of Plaintiff (Substantive and Procedural) and pendent state claims for, tortuous interference with a contract, and conspiracy to tortuously interfere with Plaintiff's contract, and is support shows as follows.

2.     Plaintiff alleges that Defendants violated its due process rights, first amendment rights, and that actions taken by the individual commissioners outside the scope of their duties as commissioners and in violation of the Texas Open Meetings Act, created a conspiracy.  Thereafter, in furthering their conspiracy, such commissioners acted in their official capacity to obtain the result they wanted, which was to stop Plaintiff from performing under the subject contract.

## II.

### JURISDICTION AND VENUE

3.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1343, 133 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.  This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Texas state law pursuant to 28 U.S.C. § 1367.

4.     Venue lies in the United States District Court for the Southern District of Texas because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hidalgo County,  28 U.S.C. § 1391(b)(2).

## III.

### PARTIES

5.     Plaintiff DKIII HORNBACK ENTERPRISES, LTD., a/k/a DKIII HORNBACK, RFD,  INC. is a Texas limited partnership and corporation doing business in Hidalgo County, Texas. The companies are intertwined and are one in the same.

6.     The City of Weslaco is sued for monetary and declaratory relief. The City of Weslaco is a municipality organized and operating under the laws of the State of Texas. As such, it is a local governmental entity of the State of Texas, and is a "person" for purposes of claims

asserted against it under 42 U.S.C. Section 1983. The City of Weslaco has already appeared in this suit.

7. The following defendants are sued in their individual capacities, for monetary and declaratory relief:

> A. Jerry Tafolla, City Commissioner for Weslaco and resident of Hidalgo County, Texas. Mr. Tafolla has already appeared in this action.
>
> B. Guadalupe Rivera, City Commissioner for Weslaco and resident of Hidalgo County, Texas. Mr. Rivera has already appeared in this action.
>
> C. David Fox, City Commissioner for Weslaco and resident of Hidalgo County, Texas. Mr. Fox has already appeared in this action.
>
> D. John Cuellar, City Commissioner for Weslaco and resident of Hidalgo County, Texas.   Mr. Cuellar has already appeared in this action.
>
> E. Leo Olivarez, City Manager for Weslaco and resident of Hidalgo County, Texas. Mr. Olivarez has already appeared in this action.
>
> F. Joe Martinez, City Commissioner for Weslaco and resident of Hidalgo County, Texas.   Mr. Martinez has already appeared in this action.

## IV.

### STATEMENT OF RELEVANT FACTS

8. Plaintiff is a limited corporation operating in Hidalgo County, Texas.   Its business is to provide services to various customers including construction services.

9. All Defendants, except Leo Olivarez are Commissioners for the City of Weslaco. Leo Olivarez is the City Manager for the City of Weslaco.

10. Plaintiff and the Economic Development Corporation of Weslaco ("EDC") entered

into a contract on February 18, 2013 (attached as exhibit "A"). This agreement required the Plaintiff to construct Phase II of a Business-Visitor & Events Center for the EDC. Phase I had already been built by Plaintiff.

11. The agreement was entered into by the EDC board of directors and approved by the EDC attorney.

12. Hernan Gonzalez executed the subject agreement for Phase II with permission of the EDC Directors, and without objection by the City of Weslaco.

13. The agreement for Phase I of the Business-Visitor & Events Center had been executed by Hernan Gonzalez with permission of the EDC Directors, and without objection by the City of Weslaco. Phase I was built without issue. Several change orders were made increasing the total cost of Phase I of the Business-Visitor & Events Center.

14. In his fourteen years as EDC Director, Hernan Gonzalez had always executed contracts for the EDC with permission of the EDC Directors, and without objection by the City of Weslaco.

15. During his fourteen year tenure as EDC Director, neither the EDC nor the City of Weslaco required a resolution allowing Hernan Gonzalez to execute contracts or to issue checks in amounts over One Hundred Thousand Dollars ($100,000.00).

16. Upon execution of the subject agreement, a majority of the current Weslaco Commissioners did not want Plaintiff to be the contractor for Phase II.

17. Plaintiff's principals were not supporters of the current County Commissioner for Hidalgo County Precinct 1. Instead, Plaintiff's principals supported the losing candidate for County Commissioner for Hidalgo County Precinct 1.

18. Plaintiff asserts that there was an understanding between two or more of Defendants to actively assist supporters of the winning candidate for County Commissioner for Precinct 1 by acting individually and/or as a Commission members, in taking action in their official capacity as Commissioners to reward their political supporters and supporters of the winning candidate for County Commissioner, Precinct 1 with contractual or employment "spoils," and/or to punish employees or contractors who had failed to support one or more of the Defendants and the winning candidate for County Commissioner, Precinct 1.

19. Plaintiff further alleges that there was an understanding between two or more of Defendants, that unless the EDC board and Hernan Gonzalez took the subject agreement from Plaintiff, the refusing EDC members and Hernan Gonzalez would be removed.

20. Since neither Hernan Gonzalez, nor the EDC board welsh on the subject contract, they were all forced out or removed.

21. Plaintiff asserts that one or more of the individual Defendants did in fact execute their conspiracy to halt the subject agreement.

22. Without regard to the City of Weslaco and the conflict that the individual Defendants acts created with the City, the individual Defendants continued the execution of their conspiracy for their own personal, individual, and private interests, which interests were contrary to the interests of City of Weslaco.

23. Recently, the individual Defendants have been hiring independent contractors recommended primarily by Leo Lopez. Leo Lopez is well connected to contractors from the Rio Grande City area.

24. The individual Defendants were supporters of the winning candidate and now County Commissioner for Hidalgo County Precinct 1.

25. The current County Commissioner for Hidalgo County Precinct 1 was sworn in on January 2013, one month before the EDC executed the subject agreement with Plaintiff.

26. Plaintiff alleges that a combination of Defendants, began meeting outside regular called meetings to discuss, contrary to the Texas Open Meetings Act on how to derail the subject agreement.

27. Such meetings were outside the legal scope of Defendants' official responsibilities, illegal, and such gatherings were made to conspire on how to derail the subject agreement. Such meetings are illegal and do not afford immunity to the individual Defendants and were in direct conflict with the interest of the City of Weslaco.

28. Plaintiff alleges that a combination of Defendants met in violation of the Open Meetings Act to discuss and conspire for the termination of the construction agreement between Plaintiff and the EDC.

29. Plaintiff alleges that the Defendants did not meet as City Commissioners, but as individuals seeking to interfere and ultimately terminate the subject agreement. Defendants, other than Olivarez, generally vote as a block in city commission meetings and often as in this case, in direct conflict with the interest of the City of Weslaco.

30. Defendant Tafolla informed David Suarez, President of the EDC that the commission did not want Plaintiff as the contractor as Plaintiff's principals were not aligned with the new County Commissioner.

31. Plaintiff began mobilizing to fulfill its obligation under the agreement, but the City of Weslaco refused to issue a building permit. To date, a building permit has been refused to Plaintiff for Phase II of the Business-Visitor & Events Center.

32. Defendant Tafolla, acting as a middle man, offered David Suarez $50,000.00 to

remove the subject agreement and have it awarded to a company to be recommended by Leo Lopez and aligned with the winning candidate for County Commissioner, Precinct 1.

33. David Suarez refused such offer and Hernan Gonzalez did not go out for quotes to remove Plaintiff as the contractor for Phase II of the Business-Visitor & Events Center.

34. As Hernan Gonzalez was in favor of fulfilling the subject agreement, the current EDC directors placed him on the agenda and ultimately forced him out.

35. Through correspondence dated March 6, 2013, Defendant Olivares in an attempt to stop the agreement between Plaintiff and the EDC informed Hernan Gonzalez, Executive Director of the EDC, that "since there is a change in governance the holding off of major projects is necessitated." Other reasons were not stated.

36. Defendants initially botched their self-appointment to the EDC. Hernan Gonzalez, Executive Director of the EDC through letter dated March 7, 2013 informed Defendant Olivarez that a meeting was needed to properly remove the existing members and place the city commissioners as members.

37. Plaintiff alleges that as Defendants were not able to persuade the EDC to change contractors, and after their illegal meetings where the conspiracy to remove Plaintiff was formed, now under color of title, and in order to succeed in their ultimate goal, Defendants placed themselves as board members of the EDC.

38. On March 8, 2013, because of the actions taken by Defendants, Hernan Gonzalez informed Plaintiff to suspend all work in the project.

39. All this occurred even though Weslaco had budgeted for both Phase I and Phase II in 2012. Weslaco had also entered into a development agreement with the EDC to develop both phases in 2012.

40. Hernan Gonzalez and Plaintiff claim that the subject agreement is a valid and enforceable agreement.

41. The EDC informed Defendants that the subject agreement was valid and enforceable and had been entered into properly.

42. The EDC is not a governmental entity, and instead is a non-profit, the subject agreement does not need to meet Section 252 of the Texas Government Code.

43. The subject agreement has been interfered with by Defendants herein in their individual capacity initially, and in their official capacity once they began acting in City of Weslaco meetings.

44. Subsequent to the above stated conspiracy, and under color of law, Plaintiff's state and federal constitutional rights have been offended, both in their right to contract and due process rights.

45. The actions of the Defendants have caused Plaintiff actual expectation monetary loss which Plaintiff would have received had Defendants not interfered.

46. Defendants illegal, arbitrary, and capricious termination of the subject agreement has deprived Plaintiff of his vested property interest in the subject agreement.

47. Defendants terminated the subject agreement without factual or legal justification.

48. All acts and omissions of the Defendant subsequent to the conspiracy, as set forth above in the preceding paragraphs, have been taken while these Defendants were acting under color of state law, i.e. by means of their positions as Commissioners for the City of Weslaco, which is a local governmental subdivision of the State of Texas.

49. The acts and omissions of the individual Defendants as set forth in the preceding paragraphs were taken in furtherance of their individual, personal and private interests, which interests are separate from, and contrary to, the interests of the City of Weslaco.

50. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the following injuries and damages:

    a. The taking of the subject contract in violation of Plaintiffs' rights to due process, both procedural and substantive;

    b. Loss of employment, wages, and benefits;

    c. Lost wages in the future;

    d. Emotional distress, including shame, embarrassment and humiliation;

    e. Attorney fees

## V.

## FEDERAL CAUSES OF ACTION
## VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS

51. Plaintiff adopts by reference all facts asserted in the preceding paragraphs of this Complaint in support of his federal causes of action set forth in this Section of his First Amended Complaint.

52. The Defendant Commission, and individual Defendants, have entered into an agreement or series of agreements, and have engaged in several overt acts in furtherance thereof, for the illegal purpose of depriving Plaintiff of his protected property interest in the subject agreement, without procedural and substantive due process of law as guaranteed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C. § 1983, as set forth above in the preceding paragraphs.

53. Plaintiff was deprived of this property without being provided the procedural requirements afforded by the U.S. Constitution. The acts and omissions of Defendants City of Weslaco and individual Defendants in depriving Plaintiff of property were arbitrary and capricious, and without legal justification in fact or law.

54. The acts and omissions of City of Weslaco, described above, were taken under color of state law.

55. Defendants Weslaco, the individual members in its Commission have deprived Plaintiff of a protected property interest without affording Plaintiff proper notice and any meaningful opportunity to be heard, either before, or after, the deprivation.

56. Defendants the City of Weslaco, and the individual commissioners have deprived Plaintiff of property protected by Texas law by their arbitrary and capricious and legally unauthorized acts or omissions, in violation of Plaintiff's federal right to substantive Due Process.

57. Defendants have acted arbitrarily and capriciously, and without a legitimate basis in fact, and without legal justification in terminating the subject agreement.

58. Defendants have made public allegations against Plaintiff that have caused reputational injury to Plaintiff, and have thus deprived him of a liberty interest protected by state and federal law.

59. Defendants have knowingly and intentionally forced Plaintiff to incur substantial attorney's fees and litigation costs, in the course of this proceeding to defend its property interest.

60. The illegal, knowing, and intentional acts of these Defendants proximately caused Plaintiff substantial damages, including any and all attorney's fees and costs incurred by Plaintiff in defending his property interest in his contract against the wrongful actions of these Defendants.

## VI.

## VIOLATION OF FIRST AMENDMENT

61. The actions of Defendants the City of Weslaco, and the individually named Defendants were motivated by the desire to retaliate against Plaintiff for its exercise of rights protected by the First Amendment to the U.S. Constitution, under 42 U.S.C. §1983, i.e., his refusal to provide political support to winning candidate for County Commissioner, Precinct 1.

62. Defendants have engaged in a conspiracy to violate Plaintiff rights under the First Amendment, and 42 U.S.C. § 1983. The wrongful acts of these Defendants, taken in the course of the conspiracy to violate Plaintiff's federal constitutional rights, and/or motivated by the desire to retaliate against Plaintiff for his failure to provide political support to Defendants' candidate has proximately caused actual damages to Plaintiff, i.e. loss of all income and benefits payable under the subject agreement

## VII.

## PENDENT STATE CLAIMS
## TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

63. Plaintiff adopts by reference all facts asserted in the preceding paragraphs of this Complaint in support of his state law causes of action set forth in this Section of his First Amended Complaint.

64. There exists a valid contract between Plaintiff and the EDC. The individual Defendants, acting in their own personal private interest and in direct conflict to the interests of the City of Weslaco, agreed to instruct Defendant Longoria to stop the execution of the subject agreement, without factual or legal justification.

65. The acts of the Defendants to terminate Plaintiff's contract without factual or legal justification were done knowingly, intentionally, and with malice, in that the actions were intended

to cause harm to Plaintiff, and the Defendants had actual knowledge that their actions would cause injury to Plaintiff.

66. The fact that the individual defendants usurped the positions of the EDC, forced out the Executive Director, Hernan Gonzalez, refused to issue a permit to Plaintiff to begin construction, have no legal or factual basis to terminate the subject agreement, coupled with the communication by Tafolla offering money to change contractors, clearly demonstrates Defendants' knowing, willful and intentional interference with Plaintiff's contractual rights, which proximately caused loss to Plaintiff in the form of lost profits and expectation damages.

67. This conspiracy to interfere with the subject contract was done for the personal and, private benefit of the individual Defendants. Such private and personal interests were in direct conflict with the interests of the City of Weslaco.

68. Plaintiff asserts that the individual Defendants, in their individual capacity, entered into a conspiracy to interfere with, and to terminate, the subject agreement.

## VIII.

## DECLARATORY RELIEF

69. Plaintiff adopts by reference all facts asserted in the preceding paragraphs of this Complaint in support of his federal state law claim for declaratory relief set forth in this Section of its First Amended Complaint.

70. Plaintiff seeks declaratory relief under both federal and Texas law, against defendants in addition to a judgment for profits and expectation damages, prejudgment interest, and attorney's fees and costs.

71. Plaintiff seeks a declaratory judgment that each individual Defendant engaged in a continuing course of retaliatory conduct against Plaintiff, in violation of the First Amendment;

72. that Defendants City of Weslaco, its Commissioners named as Defendants acting in their official capacity, violated Plaintiff's constitutional rights by depriving it of property without procedural and substantive due process;

73. that the named individual Defendants, engaged in a conspiracy to deprive it of property without procedural due process;

74. that all the individual Defendants have engaged in a conspiracy to tortuously interfere with Plaintiff's contractual rights;

75. that the individual defendants did tortuously interfere with Plaintiff's contractual relations with the EDC;

76. that Plaintiff sustained damages, including monetary losses, and that the proximate cause of these damages was the illegal conduct of all Defendants;

77. that Plaintiff has suffered economic losses, including but not limited to lost profits, expectation damages, proximately caused by the acts or omissions of one or all Defendants; and

78. that Plaintiff is the prevailing party in this litigation, and that it is entitled to recover all costs of court, plus reasonable attorney's fees, from the Defendants, for damages caused by the Defendants' violations of 42 U.S.C.§1983.

## IX.

## ATTORNEY'S FEES

79. Plaintiff has had to retain the undersigned attorney, licensed to practice law in all Texas courts and in the Federal Courts for the Southern District of Texas, who is experienced in contractual litigation, in order to protect its rights.

80. Plaintiff is entitled to recover reasonable attorney's fees and costs of court from Defendants, pursuant to 42 U.S.C. §1988.

X.

**PUNITIVE DAMAGES**

81. Plaintiff adopts by reference all facts asserted in the preceding paragraphs of this Complaint in support of his claims for punitive damages set forth in this Section of its First Amended Complaint.

82. Plaintiff asserts that the individual Defendants, Olivarez+, Tafolla, Cuellar, Rivera, Fox, and Martinez, acted knowingly and intentionally and maliciously, with intent to cause Plaintiff monetary injury, in the conduct set forth above in this First Amended Complaint, in particular with regard to the actions of Defendants Olivarez, Tafolla, Cuellar, Rivera, Fox, and Martinez, to deprive Plaintiff of its protected property, his contract with the EDC, and to damage its professional reputation, without Due Process, and likewise to deprive it of its first amendment rights.

83. The acts and omissions of these Defendants in were calculated to cause these injuries to Plaintiff, and these Defendants were subjectively aware of the injuries that their acts or omissions would cause Plaintiff. Plaintiff requests an award of punitive damages in proper amount to punish these Defendants for their malicious acts and omissions.

XI.

**JURY TRIAL**

84. Plaintiff hereby exercises his statutory right to trial by jury in this action.

**XII.**

**REQUEST FOR RELIEF**

85. After notice and final trial on the merits, Plaintiff prays that the Court:

1) Enter a declaratory judgment declaring that Defendants City of Weslaco, its named Commissioner Defendants and City Manager, engaged in a continuing course of retaliatory conduct against Plaintiff, in violation of the First Amendment;

2) that these Defendants deprived Plaintiff of property in violation of his constitutional rights to procedural and substantive due process under both federal and Texas law;

3) that Defendants have engaged in a conspiracy to violate Plaintiff's First Amendment rights, and that these Defendants engaged in a conspiracy with named individual Defendants, to violated Plaintiff's federal and state constitutional rights to procedural and substantive Due Process;

4) that the individual Defendants have engaged in a conspiracy to tortuously interfere with Plaintiff's contractual rights;

5) that the individual Defendants tortuously interfered with Plaintiff's contractual relationship with the Weslaco EDC;

6) that Plaintiff sustained damages including substantial monetary losses as a proximate cause of the illegal conduct of Defendants;

7) that Plaintiff has suffered damages, including lost profits and expectation damages and attorney's fees and court costs, as a result of the Defendants' violations of Plaintiff's constitutional rights and Defendants' tortuous interference with Plaintiff's contractual rights, and;

8) enter a declaratory judgment declaring that Plaintiff is the prevailing party in this litigation, and that it is entitled to recover all costs of court, plus reasonable attorney's fees, from the Defendants;

Case 7:13-cv-00395 Document 8 Filed in TXSD on 10/23/13 Page 16 of 17

9) Enter a money judgment against Defendants lost profits, expectation damages, attorney's fees and court costs necessarily incurred in protecting its property interest in the subject agreement;

10) Enter a money judgment in favor of Plaintiff and against Defendants for all damages incurred by Plaintiff as a result of Defendants' wrongful conduct interfering with his contract without legal justification or excuse, along with prejudgment interest at the legal rate set by Texas law, and along with reasonable attorney's fees and court costs expended by Plaintiff in defending his rights in this contract under Texas law;

11) Enter a money judgment against Defendants for all costs of court plus reasonable attorney's fees expended in protecting his federal rights pursuant to 42 U.S.C. §1988;

12) Award punitive damages to be assessed against the individually named Defendants for any and all acts and omissions by each such Defendant that the jury finds were committed knowingly, intentionally, recklessly, and/or maliciously, with intentional disregard for the foreseeable injury to Plaintiff's property interests, professional reputation, and federal constitutional rights; a

13) and All other relief to which Plaintiff may show himself to be entitled.

                        Law Office of Javier Villalobos, P.C.

                        By: */s/ Javier Villalobos*
                        Javier Villalobos
                        Texas Bar No. 00794793
                        5804 N. 23rd St.
                        McAllen, Texas 78504
                        Tel. (956) 687-4000
                        Fax. (956) 687-4001
                        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 23, 2013, a true and correct copy of the above and foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

**Via Electronic Notice**

J. Arnold Aguilar
Aguilar Zabarte, LLC
990 Marine Dr.
Brownsville, Texas 78520

                              */s/ Javier Villalobos*
                               JAVIER VILLALOBOS