# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | |
|---|---|---|
| DKIII HORNBACK ENTERPRISES, LTD. § | | CIVIL ACTION NO. |
| § | | |
| V. § | | |
| § | | M – 13 – 395 |
| JOHN CUELLAR, GUADALUPE RIVERA, § | | |
| JERRY TAFOLLA, LEO OLIVAREZ, AND § | | |
| JOSE MARTINEZ, DAVID FOX AND THE § | | |
| CITY OF WESLACO § | | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW **THE CITY OF WESLACO, TEXAS** and **JOHN CUELLAR, GUADALUPE RIVERA, JERRY TAFOLLA, LEO OLIVARES, DAVID FOX** and **JOSE MARTINEZ** in their individual and official capacities, Defendants herein, and file this their Original Answer to Plaintiff's First Amended Complaint, and for such answer would respectfully show unto the Court the following:

## I.

## RESPONSE TO PLAINTIFF'S AMENDED ORIGINAL COMPLAINT

(1) Defendants admit Plaintiff is making the allegations identified in ¶¶ 1 and 2, but deny the facts and merits of those allegations.

(2) Defendant admits this Court has original and supplemental jurisdiction over Plaintiff's claims, as alleged in ¶ 3.

(3) Defendants admit venue lies properly in this Court, as alleged in ¶ 4.

(4) Although diligent inquiry has been made, Defendants do not have sufficient information to admit or deny the allegations made in ¶ 5. Defendants would therefore deny those allegations.

(5) Defendants admit the allegations made in ¶¶ 6 and 7, but deny the merits of those allegations.

(6) Although diligent inquiry has been made, Defendants do not have sufficient information to admit or deny the allegations made in ¶ 8. Defendants would therefore deny those allegations.

(7) Defendants admit all individual defendants are Commissioners and Defendant Olivares is the City Manager, as alleged in ¶9. Defendants deny the remainder of ¶ 9.

(8) Defendants deny the allegations contained in ¶¶ 10 – 12.

(9) To the best of Defendants' understanding, Defendants admit the allegations in ¶13.

(10) Although diligent inquiry has been made, Defendants do not have sufficient information to admit or deny the allegations made in ¶ 14. Defendants would therefore deny those allegations.

(11) Defendants deny the allegations contained in ¶ 15.

(12) Defendants object to the allegations contained in ¶ 16 to the extent that they are multifarious. Without waiving that objection, Defendants deny the allegations in ¶ 16.

(13) Although diligent inquiry has been made, Defendants do not have sufficient

information to admit or deny the allegations made in ¶ 17. Defendants would therefore deny those allegations.

(14) Defendants admit that Plaintiff "asserts" the allegations identified in ¶¶ 18 and 19, but deny the facts and merits of those allegations.

(15) Defendants deny the allegations contained in ¶ 20.

(16) Defendants admit that Plaintiff "asserts" the allegations identified in ¶ 21, but deny the facts and merits of those allegations.

(17) Defendants deny the allegations contained in ¶¶ 22 and 23.

(18) Defendants admit the allegations contained in ¶ 24.

(19) Defendants admit the current County Commissioner was sworn in in January 2013, as alleged in ¶ 25. Defendants deny the remainder of the allegations in ¶ 25.

(20) Defendants object to the allegations contained in ¶¶ 26 – 29 to the extent that they are multifarious. Without waiving that objection, Defendants deny the allegations contained in ¶¶ 26 – 29.

(21) Defendants deny the allegations contained in ¶ 30.

(22) Defendants admit the City of Weslaco did not issue a building permit to Plaintiff, as alleged in ¶ 31. Although diligent inquiry has been made, Defendants do not have sufficient information to admit or deny whether Plaintiff began mobilizing to fulfill any alleged obligations, as alleged therein. Defendants deny the remainder of the allegations contained in ¶ 31.

(23) Defendants deny the allegations contained in ¶ 32.

(24) Defendants object to the allegations contained in ¶ 33 to the extent that they are multifarious. Without waiving that objection, Defendants deny the allegations in ¶ 33.

(25) Defendants deny the allegations contained in ¶ 34 – 36.

(26) Defendants admit that Plaintiff alleges the matters referenced in ¶ 37 and that certain Defendants were appointed board members of the EDC. Defendants deny the remainder of the allegations in ¶ 37.

(27) Defendants admit Gonzalez notified Plaintiff to suspend all work on the project on March 8, 2013, as alleged in ¶ 38. Defendant denies the remainder of the allegations in ¶ 38.

(28) Defendants deny the allegations contained in ¶ 39.

(29) Defendants admit that Plaintiff and Gonzalez claim the matters referenced in ¶¶ 40 and 41 but deny the facts and merits of those allegations.

(30) Defendants object to the allegations contained in ¶ 42 to the extent that they are multifarious and would call for a legal conclusion. Without waiving those objections, Defendants deny the allegations contained in ¶ 42.

(31) Defendants deny the allegations contained in ¶¶ 43 – 45.

(32) Defendants object to the allegations contained in ¶¶ 46 – 48 to the extent that they are multifarious. Without waiving that objection, Defendants deny the allegations contained in ¶¶ 46 – 48.

(33) Defendants deny the allegations contained in ¶¶ 49 – 50.

(34) Paragraph 51 only references other paragraphs, and thus does not require admission or denial by Defendants.

(35)     Defendants deny the allegations contained in ¶¶ 52 and 53.

(36)     Because Plaintiff does not specify any particular acts or omissions in ¶ 54, Defendants can neither admit nor deny the allegation made in this paragraph. Defendants would therefore deny that allegation.

(37)     Defendants deny the allegations contained in ¶¶ 55 – 62.

(38)     Paragraph 63 only references other paragraphs, and thus does not require admission or denial by Defendants.

(39)     Defendants deny the allegations contained in ¶ 64.

(40)     Defendants object to the allegations contained in ¶¶ 65 – 67 to the extent that they are multifarious. Without waiving that objection, Defendants deny the allegations contained in ¶¶ 65 – 67.

(41)     Defendants admit that Plaintiff "asserts" the allegations identified in ¶ 68, but deny the facts and merits of those allegations.

(42)     Paragraph 69 only references other paragraphs, and thus does not require admission or denial by Defendants.

(43)     Defendants admit that Plaintiff seeks the relief identified in ¶¶ 70 – 80, but deny that it is entitled to recovery of such relief.

(44)     Paragraph 81 only references other paragraphs, and thus does not require admission or denial by Defendants.

(45)     Defendants admit that Plaintiff "asserts" the allegations identified in ¶ 82, but deny the facts and merits of those allegations.

(46)     Defendants deny the allegations and entitlement to recovery alleged in ¶ 83.

(47) Defendants admit the allegations in ¶ 84.

(48) Defendants admit that Plaintiff seeks the relief requested in ¶¶ 85(1) – (13), but deny that it is entitled to recovery of such relief.

## II.

## **AFFIRMATIVE DEFENSES**

(49) Plaintiff cannot recover, directly or indirectly, from Defendant City of Weslaco, Texas because of the doctrine of sovereign or governmental immunity.

(50) Plaintiff cannot recover punitive or exemplary damages from Defendant City of Weslaco, Texas, because it is immune from such claims.

(51) Plaintiff cannot recover, directly or indirectly, from Defendants John Cuellar, Guadalupe Rivera, Jerry Tafolla, Leo Olivares, David Fox or Jose Martinez because they are entitled to qualified or official immunity for all allegations raised against them.

(52) Plaintiff cannot recover, directly or indirectly, from Defendants John Cuellar, Guadalupe Rivera, Jerry Tafolla, Leo Olivares, David Fox or Jose Martinez on their state law claims because those claims are barred by Texas Civil Practice & Remedies Code § 101.106 and applicable state law.

(53) Plaintiff is not entitled to any of the declaratory or equitable relief requested because it has not sued any city official in his official capacity.

(54) Plaintiff may not recover from any of the Defendants because they are entitled to the defense of justification for each of their alleged acts.

# III.

# JURY DEMAND

(55) Defendants request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF WESLACO, TEXAS** and **JOHN CUELLAR, GUADALUPE RIVERA, JERRY TAFOLLA, LEO OLIVARES, DAVID FOX** and **JOSE MARTINEZ** pray that upon final trial and hearing hereof that they have judgment on their behalf, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and that Defendants be granted such other and further relief, both special and general, at law and in equity, to which they may show themselves to be justly entitled.

Signed on this the 2nd day of May, 2014.

                        Respectfully submitted,

                        **AGUILAR ☆ ZABARTE, LLC**
                        990 Marine Drive
                        Brownsville, Texas 78520
                        Telephone   : (956) 504-1100
                        Facsimile    : (956) 504-1408

                        */s/ J. Arnold Aguilar*
                        J. Arnold Aguilar
                        State Bar No. 00936270
                        Federal Adm. No. 6822
                        Attorney for Defendants,
                        CITY OF WESLACO, TEXAS,
                        JOHN CUELLAR, GUADALUPE RIVERA,
                        JERRY TAFOLLA, LEO OLIVARES,
                        DAVID FOX and JOSE MARTINEZ

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** will on this the 2nd day of May, 2014, be automatically accomplished through the Notice of Electronic Filing upon the following:

Mr. Javier Villalobos
Law Office of Javier Villalobos, P.C.
5804 North 23rd Street
McAllen, TX 78504

                                                  /s/ *J. Arnold Aguilar*
                                                      J. Arnold Aguilar